**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **REBECCA RICHARDS, HAROLD HENDERSON, STACY PETRILLO, and STANLEY WILLIAMSON, individually and on behalf of all others similarly situated**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**HEALTHCARE SERVICES GROUP, INC.**,<br><br>*Defendant*. | **Case No. 2:25-cv-04908-JDW** |

**ORDER**

**AND NOW**, this 3rd day of June, 2026, upon consideration of Plaintiffs' Notice Of Motion And Unopposed Motion For Preliminary Approval Of Class Action Settlement (ECF No. 34), and the accompanying Class Action Settlement Agreement and Release (ECF No. 34-2), it is **ORDERED** that the Motion is **GRANTED**.

It is **FURTHER ORDERED** as follows.

1. The settlement of this Action[1] is **PRELIMINARILY APPROVED** because it appears that, at the final approval stage, I will likely be able to approve the settlement

[1] Unless I indicate otherwise in this Order, any defined terms that I use in this Order have the same meaning as in the Settlement Agreement.

under the criteria described in Federal Rule of Civil Procedure 23(e)(2) and certify the settlement class under the criteria described in Rules 23(a) and 23(b)(3).

2. The following class is **PRELIMINARILY CERTIFIED**:

> All living persons in the United States who were sent a notice from HCSG regarding potential impact from the Data Incident, or otherwise determined to have potentially had their Private Information impacted by the Data Incident.
>
> The Settlement Class specifically excludes Defendant HCSG, any entity in which it has a controlling interest, and HCSG's officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter, members of their immediate families and their judicial staff, and Class Members who timely and validly request to be excluded from the Settlement.

3. Plaintiffs Rebecca Richards, Harold Henderson, Stacy Petrillo, and Stanley Williamson are preliminarily designated and appointed as the Settlement Class Representatives;

4. For purposes of the proposed Settlement only, I appoint Andrew W. Ferich of Ahdoot & Wolfson, PC; Benjamin F. Johns of Shub Johns & Holbrook, LLP; and Charles E. Schaffer of Levin Sedran & Berman, LLP, as Class Counsel to act on behalf of the Settlement Class and the Settlement Class Representative with respect to the Settlement. I preliminarily authorize Class Counsel to enter the Settlement on behalf of the Settlement Class Representatives and the Settlement Class and to bind them all to the duties and obligations contained therein, subject to my final approval of the Settlement.

5. I appoint the claims administrator that the parties propose, Kroll Settlement Administration LLC ("Settlement Administrator"). The Settlement Administrator shall administer the Notice procedure and distribute the Net Settlement Fund under the supervision of Class Counsel.

6. For purposes of the proposed Settlement only, I preliminarily find and determine, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b), as follows: (a) the members of the Settlement Class are so numerous that their joinder in this Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class, and those questions predominate over any individual questions; (c) the claims of the four named Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) the four named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating the Action.

7. Pursuant to Federal Rule of Civil Procedure 23(e), I approve of the Short Form Notice and Long Form Notice ("Settlement Notices"), attached as Exhibits B and C, to the Settlement Agreement.

8. Within 14 days after the entry of this Order, HCSG shall produce to the Settlement Administrator a list from its records that includes the names and last known email addresses, mailing addresses, and telephone numbers, to the extent available, belonging to all Settlement Class Members.

9. Within 30 days after the entry of this Order ("Notice Deadline"), the Settlement Administrator shall send, via email, to persons listed on the Class List, the Short Form Notice substantially in the form submitted to the Court. If an email address is not listed for a Settlement Class Member on the Class List, then the Settlement Administrator shall send the Short Form Notice to the Settlement Class Member's last known mailing address via U.S. mail. Prior to transmitting a Notice via U.S. Mail, the Settlement Administrator shall perform any further investigations it deems appropriate, including using the United States Postal Service's National Change of Address database to try to identify current mailing addresses for Settlement Class Members.

10. For any Notice that has been mailed via U.S. Mail and returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the Short Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. At the direction and discretion of the Parties, the Settlement Administrator shall perform reasonable address traces for those postcard Short Notices that are returned as undeliverable. If the Parties elect remailing, then no later than 49 days before September 24, 2026, the Settlement Administrator shall complete the remailing of the Short Notice to those Class Members whose new addresses were identified as of that time through address traces. At the discretion of Class Counsel, and with notice to Defendant's Counsel, the Settlement Administrator shall send a reminder notice to the Class Members who have

not yet submitted a claim if, as of 30 days before the Claims Deadline, the claims rate is less than 3.0%.

11. No later than 28 days after the entry of this Order, and prior to the dissemination of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms, including the ability to submit Claim Forms electronically through the Settlement Website, and shall include, in downloadable format when available: (a) the Long Form Notice; (b) the Claim Form; (c) the Preliminary Approval Order; (d) the Settlement Agreement, including all exhibits; (e) the operative Complaint; (f) the motion for attorneys' fees, costs, and Service Awards; (g) the motion for final approval; (h) the date, time, and place of the Final Approval Hearing; (i) contact information for the Settlement Administrator, including a toll-free telephone number and mailing address through which Settlement Class Members may contact the Settlement Administrator directly, as well as contact information for Settlement Class Counsel; and (j) any other materials agreed upon by the Parties or required by the Court. The Settlement Website shall also allow Settlement Class Members to provide an updated mailing address to receive a paper check, or to elect to receive their Settlement Benefit via Venmo or PayPal.

12. Prior to the Final Approval Hearing, in connection with the motion seeking final approval of the Settlement, Class Counsel shall serve and file a sworn statement from

the Settlement Administrator evidencing compliance with the provisions set forth above concerning distribution of Notice to the Settlement Class.

13. I find and determine that (a) emailing or mailing the Short Form Notice, (b) establishing a Settlement Website, and (c) posting of the Long Form Notice on the Settlement Website, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Settlement Notices to all persons entitled to receive such Settlement Notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

14. All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid from the Settlement Fund. The Settlement Fund shall be used by the Settlement Administrator to pay for: (a) Settlement Benefits to those Class Members who submit a Valid Claim; (b) any Service Awards awarded to the Class Representatives; (c) any attorneys' fees and costs/expenses awarded to Class Counsel; (d) all Notice costs and Claims Administration Expenses; and (e) applicable taxes, pursuant to the terms and conditions of the Settlement Agreement.

15. Settlement Class Members may submit a request to opt-out or object to the Settlement within 63 days after the Notice Deadline. Any Settlement Class Member may submit a request to opt-out of the Settlement at any time prior to the Opt-Out Deadline by adhering to the requirements of the Settlement Agreement. Any individual in the

Settlement Class who does not timely and validly request to opt-out shall be bound by the terms of the Settlement Agreement even if he or she does not submit a Valid Claim.

16. Opt-outs may only be on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs. Any person who desires to opt-out from the Settlement Class must submit a written request for exclusion, which must be mailed to the Settlement Administrator such that it is postmarked no later than 63 days after the issuance of the Short Form Notice. The written exclusion request must (a) include a statement requesting exclusion from the Settlement Class; (b) be personally signed by the Settlement Class Member; and (c) include the Settlement Class Member's names, address, telephone number and email address. Any Class Member who timely requests exclusion shall not: (i) be bound by any final approval order or the judgment; (ii) be entitled to the Settlement Benefits under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

17. Any Class Member who wishes to object shall submit a timely written notice of his or her objection within 63 days after the Notice Deadline (the "Objection Deadline"). Any such objection must be in the form and manner required by the Long Form Notice. All objections must be filed or postmarked on or before the Objection Deadline.

18. Any Settlement Class Member who does not make his or her objections in the manner and by the date set forth in the Settlement Agreement shall be deemed to

have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

19. Any Settlement Class Member who wants to appear at the Final Approval Hearing and show good cause why the Settlement should, or should not, be approved as fair, reasonable, and adequate shall file a notice of intent to appear on or before September 10, 2026.

20. Class Counsel shall file their motion for an award of attorneys' fees, costs, and expenses, by August 14, 2026. Any objection or opposition to the motion must be made by August 28, 2026. Class Counsel shall file any reply papers by September 4, 2026. Class Counsel shall file their Final Approval Motion by September 4, 2026.

21. I will hold a hearing in the United States District Court for the Eastern District of Pennsylvania, United States Courthouse, Courtroom 12B, 601 Market Street, Philadelphia, PA 19106 at 10:00 a.m. on September 24, 2026, to determine: (a) whether to approve the Settlement as fair, reasonable, and adequate to the Settlement Class; (b) whether the proposed manner of distribution of the Net Settlement Fund should be approved as fair, reasonable, and adequate to the Settlement Class; (c) whether to approve the application of Class Counsel for an award of attorneys' fees, litigation expenses, and Service Awards; (d) whether a Final Judgment should be entered; and (e) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the

Court without further notice to the Settlement Class. The Settlement Administrator shall post information about the Final Approval Hearing on the Settlement Website, and any interested persons should check the Settlement Website for any changes to the date of the Final Approval Hearing.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.